**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd Federal Building*
*110 North Heber Street*
*Room 261*
*Beckley, WV 25801*

*304-253-6722*
*FAX: 304-253-9206*

FILED
SEP 12 2022
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

July 15, 2022

Kristopher Faerber, Esquire
P.O. Box 862
Lewisburg, WV 24901

Re: United States v. Terry Headen
Criminal No. 1:22-cr-00177 (USDC SDWV)

Dear Mr. Faerber:

This will confirm our conversations with regard to your client, Terry Headen (hereinafter "Mr. Headen"). As a result of these conversations, it is agreed by and between the United States and Mr. Headen as follows:

1. **CHARGING AGREEMENT.** Mr. Headen agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Headen will plead guilty to the single-count information charging a violation of 18 U.S.C. § 924(c)(1)(A).

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Headen will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a mandatory minimum of five years and up to life;

TH
Defendant's Initials

(b) A fine of $250,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years;

(d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Headen has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Headen agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **PAYMENT OF MONETARY PENALTIES.** Mr. Headen authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Headen agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Headen further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

TH
Defendant's
Initials

Mr. Headen authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Headen shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Headen agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street, East, Room 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

6. **FORFEITURE.** Mr. Headen hereby agrees as follows:

(a) To forfeit to the United States property noticed in the Information, in Mr. Headen's possession or under his control which constitutes property derived from proceeds obtained, directly or indirectly, as a result of such offenses, or any property used or intended to be used, in any manner or part, to commit or facilitate the commission of such offenses, which includes:

(1) $4,990.00, more or less, in United States Currency, seized from the residence of TERRY HEADEN by law enforcement officers on or about March 10, 2022;

(b) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

TH
Defendant's
Initials

(c) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(d) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in United States v. Alexander, 509 U.S. 544 (1993); United States v. Bajakajian, 524 U.S. 321 (1998); United States v. Austin, 509 U.S. 602 (1993); and their progeny. He further agrees to waive all constitutional, statutory, and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture or transfer carried out in accordance with this plea agreement on any grounds, including that the forfeiture or transfer described herein was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

7. **COOPERATION.** Mr. Headen will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Headen may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Headen, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

TH
Defendant's
Initials

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Headen for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Headen for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Headen stipulate and agree that the facts comprising the offense of conviction and some of the relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Headen agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Headen or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Headen knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Headen knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the

TH
Defendant's
Initials

manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Headen also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 18 U.S.C. § 924(c)(1)(A), is unconstitutional and (2) Mr. Headen's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 18 U.S.C. § 924(c)(1)(A).

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Headen also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Headen knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

TH
Defendant's
Initials

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Headen;

(f) Advise the Court concerning the nature and extent of Mr. Headen's cooperation; and

(g) Address the Court regarding the issue of Mr. Headen's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Headen violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Headen in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Headen in any Court other than the United States District Court for the Southern District of West Virginia.

TH
Defendant's Initials

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

By: [signature]
ANDREW D. ISABELL
Assistant United States Attorney

ADI/jeh

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

TERRY HEADEN — 9/5/22

Terry Headen — Date Signed
Defendant

[signature] — 9/5/22

Kristopher Faerber, Esquire — Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

UNITED STATES OF AMERICA

v. CRIMINAL NO. ____________

TERRY HEADEN

**STIPULATION OF FACTS**

The United States and Terry Headen (hereinafter "I" or "my") stipulate and agree that the facts comprising the offense of conviction (the charge set forth in the single-count Information in the Southern District of West Virginia, Criminal No. 1:22-cr-00177 and some of the relevant conduct for that offense), includes the following:

On November 10, 2021, I sold approximately 3.5 grams of heroin to a person who was working with law enforcement as a confidential informant. The drug sale occurred at my residence located at 13 Angel Lane, Havaco, McDowell County, West Virginia. During that drug sale, an AR-style rifle was on the table in my possession and in view of the confidential informant purchasing the drugs. ~~The heroin was tested by the West Virginia State Police Laboratory and confirmed to be heroin.~~ A.D.I. KRF

I agree that heroin is a Schedule I controlled substance.

I also stipulate and agree that these events occurred in McDowell County, West Virginia, within the Southern District of West Virginia.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement and the involvement of others in the charges set forth in the ~~Indictment~~.
INFORMATION KRF ADI

Stipulated and agreed to:

Terry Headen
Defendant

Date: 9/5/22

Kristopher Faerber, Esquire
Counsel for Defendant

Date: 9/5/22

Andrew D. Isabell
Assistant United States Attorney

Date: 9/12/2022

PLEA AGREEMENT EXHIBIT B